IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHNNY LOPEZ,                          )
                                       )
            Petitioner,                )
                                       )
    v.                                 )     Civil Action No. 08-227-GMS
                                       )
PERRY PHELPS,                    )
Warden, and ATTORNEY GENERAL           )
OF THE STATE OF DELAWARE,              )
                                       )
            Respondents.               )


**O R D E R**

At Wilmington this 13th day of _May_, 2008;

IT IS HEREBY ORDERED that:

1. Petitioner Johnny Lopez's motion to proceed *in forma pauperis* is GRANTED for the limited purpose of issuing the instant order. (D.I. 1.)

2. Petitioner Johnny Lopez's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED and the writ is DENIED as second or successive. (D.I. 2.) Although Lopez challenges the Delaware Supreme Court's decision affirming the denial of his Rule 61 motion, the instant petition actually constitutes Lopez's second habeas challenge to his 2003 conviction on drug charges. The court denied Lopez's first § 2254 petition after determining that his Fourth Amendment claim was barred from habeas review under *Stone v. Powell*, 428 U.S. 465 (1976), and that his claim asserting improper jury selection was procedurally barred from habeas review due to his procedural default of the claim at the state

court level. *See Lopez v. Caroll,* 2006 WL 2246208 (D. Del. Aug. 4, 2006).

The record reveals that Lopez filed the instant petition without first obtaining permission from the Court of Appeals for the Third Circuit. Therefore, the court does not have the authority to review the petition. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

3. Lopez has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

4. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the clerk shall forthwith serve a copy of the petition and this order upon: (1) the above-named warden of the facility in which Lopez is housed; and (2) the Attorney General for the State of Delaware.

5. The clerk shall also send a copy of this order to Lopez at his address on record.



CHIEF, UNITED STATES DISTRICT JUDGE

**FILED**

MAY 1 3 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2